AURELIA MELÉNDEZ ET AL., Plaintiffs and Appellants, *v.* ADALBERTO C. DE ITURRONDO ET AL., Defendants and Appellees.

No. 9963, Argued November 7, 1949.—Decided March 20, 1950.

---

*Bolívar Pagán* for appellants.   *Francis & Ydrach* for appellees.

MR. JUSTICE SNYDER delivered the opinion of the Court.

On February 11,.1947 a suit for damages was filed in the district court, entitled "Aurelia Meléndez, accompanied by her husband Domingo Vázquez, plaintiffs, vs. Adalberto C. de Iturrondo and The Great American Indemnity Company, defend-ants."   The preliminary paragraph of the complaint recites that "the plaintiff Aurelia Meléndez appears assisted by her husband, Domingo Vázquez . . . and for her cause of action alleges . . .".   After describing the defendants, the complaint alleges that on February 11, 1946 an automobile belonging to de Iturrondo struck "the plaintiff, Aurelia Meléndez de Vázquez, as a result of which the plaintiff" was injured in a certain described manner.   The complaint then alleges that as a result "the plaintiff could not attend to her obligations, suffered substantial mental and physical injuries and incurred medical expenses amounting to $10,000."   In the prayer "the plaintiff" requested judgment of $10,000.   On April 6, 1948 the plaintiff filed an amended complaint.

The defendants moved to dismiss the amended complaint on the ground that it failed to allege facts sufficient to constitute a cause of action.   Their theory was that the cause

of action belonged to the community partnership; that the complaint therefore should have been brought by the husband for the benefit of the community; and that the allegations of the complaint show that instead the suit was brought by the wife for her own exclusive benefit. In support of their motion, the defendants cited *Guadalupe* v. *District Court*, 65 P.R.R. 275.

The district court granted the motion to dismiss the amended complaint, giving the plaintiff ten days to amend. The plaintiff filed a second amended complaint, whereupon the defendants moved to dismiss this complaint. The lower court again granted the motion to dismiss. It held that (*a*) the effect of both the first and second amended complaints was to replace the wife as the plaintiff in the original complaint with an entirely new party, the community partnership, and that (*b*) this could not be done after the statute of limitations of one year had run. At the request of the plaintiff, the district court entered judgment, from which the plaintiff appealed.

██ The cause of action herein belonged to the community partnership. Consequently, suit therefor must be brought by the husband as administrator of the conjugal property. *Guadalupe* v. *District Court, supra; Serrano* v. *González*, 68 P.R.R. 579; *Valiente & Cía.* v. *District Court*, 68 P.R.R. 491; *Serra* v. *Transportation Authority*, 68 P.R.R. 581; *Rivera* v. *De Martínez*, 70 P.R.R. 456.

██ We need not discuss in detail the first amended complaint or the second amended complaint which was subsequently filed. The plaintiff filed the original complaint on the last day before the one-year period of limitations expired. The plaintiff must therefore show that the original complaint stated a cause of action on behalf of the community partnership, represented by the husband. The defendants argue that it did not and that on the contrary it alleged only a cause of action by the wife for her own exclusive benefit. If the defendants are correct in this contention, the amended com-

plaints would substitute the community for the wife as a wholly new party plaintiff. But such amended complaints would not relate back to the date of the filing of the complaint for the purpose of limitations. *Bithorn* v. *Santana*, 68 P.R.R. 281, 285, and cases cited. They would therefore be barred by the statute of limitations. Consequently, on the issue before us, the plaintiff must stand or fall on the original complaint.

We turn to an examination of the original complaint. In passing on a motion to dismiss a complaint, it is our duty to interpret it as liberally as possible in favor of the plaintiff. *Serra* v. *Transportation Authority, supra*, p. 584. We are therefore at liberty to reject as surplusage the recital in the preliminary paragraph that the wife appears and to treat the suit as brought by the husband, representing the conjugal partnership. *Segarra* v. *Vivaldi*, 59 P.R.R. 797, 803–4. Once we conclude that the husband brought the suit in his representative capacity, the references to injury and damages to "the plaintiff" must obviously be read as referring not to him, but to the wife. Otherwise they would be meaningless, as the complaint shows on its face that she was the person who was physically involved in the accident. We therefore read those references to the injuries of the "plaintiff" not as alleging a cause of action exclusively for the benefit of the wife, but rather as simply describing the wife's injuries for which the husband, as administrator of the community, is bringing suit on behalf of the latter and for which he is claiming $10,000.

This conclusion is in accord with the statement in the *Guadalupe* case that (p. 278) "The crucial feature of the case is the allegations in the body of the complaint." Both in that case and here we have refused to apply the outmoded rule of reading pleadings strictly and technically. We thought we made this clear in *Serra* v. *Transportation Authority, supra*, where we said at p. 585: "We think it is high time litigants realized that this Court will do everything in its

power to see that cases are decided on their merits instead of on legalistic niceties of pleading and procedure. *Cf. Gerardino* v. *Tax Court*, 68 P.R.R. 206; *Maldonado* v. *Quetell*, 68 P.R.R. 390; *Biaggi* v. *District Court*, 68 P.R.R. 378. The courts have long since abandoned the sporting theory of justice. Litigants should do the same. No party has a vested interest in the grammatical and procedural errors of his adversary." See Rule 8 (*f*), Rules of Civil Procedure. This salutary rule is particularly applicable in a case where as here a married woman is injured and the problem arises as to whether the suit was brought by the husband for the benefit of the community partnership or by the wife for her own exclusive benefit.

The judgment of the district court will be reversed and the case remanded for further proceedings not inconsistent with this opinion.

———

Mr. Justice Negrón Fernández, concurring.

I agree with the result. However, I do not think that this decision is in harmony with the decision in *Guadalupe* v. *District Court*, 65 P.R.R. 275, nor with the series of decisions in which in one way or another we have reached the conclusion that the phrase "assisted by her husband" is not decisive in an action to recover damages for injuries suffered by the wife, since, as we said in the cited case "It may be a suit brought by the husband for the community partnership. Or it may be a suit by the wife making a claim for herself. The crucial feature of the case is the allegations in the body of the complaint. If the claim is for damages to the community partnership, the appearance of the wife is surplusage; if the claim is for the wife alone, the phrase 'assisted by her husband' is surplusage."

The very case of Guadalupe involved an original complaint and after examining the allegations therein we decided that the wife was making a claim for herself. Consequently,

the references made to the husband were rejected as surplusage.

In *Segarra* v. *Vivaldi*, 59 P.R.R. 797, we held that the action was brought not for the exclusive benefit of the wife, but for that of the conjugal partnership. We reached that result because the body of the complaint in that case contained an allegation *that the plaintiffs* suffered damages and since the action had been brought by the wife assisted by her husband, the latter was a party to the action, the appearance of the wife being, hence, surplusage, subsisting the appearance of the husband to whom corresponded the bringing of the action as the administrator of the conjugal partnership. In the case of Guadalupe we accepted and followed the theory of the *Segarra* case, but we arrived at a different result, inasmuch as the substantial allegations did not give a basis to conclude, as in the *Segarra* case, that it was an action on behalf of the conjugal partnership. In both cases we first examined the allegations to determine in whose favor the action was brought and, consequently, the weight that should be given to the phrase "assisted by her husband." We can say as much of *Serra* v. *Transportation Authority*, 68 P.R.R. 581.

The allegations of the complaint in the case at bar do not aid us in reaching the conclusion, under our decisions, that in the original complaint an action was being exercised for the benefit of the conjugal partnership and consequently to conclude also that the appearance of the wife is surplusage and that it is the husband who brings the action in the name of the conjugal partnership. Under our previous decisions we would have to hold that the allegations in this case cannot be considered as a claim for the benefit of the conjugal partnership. Therefore, in order to arrive at the conclusion reached here, I think that we should clearly say that in the case of an action for damages suffered by a married woman —an action that should be brought by the husband as the administrator of the conjugal partnership—the appearance

of the wife "assisted by her husband," and naming him is sufficient and decisive regardless of the context of the allegations, as the husband has entered an appearance in the only capacity in which his appearance is necessary, that is, as administrator of the conjugal partnership, for the purpose of bringing an action that in law corresponds to said partnership.

I think that the lower court interpreted and applied our previous decisions correctly and that in this case we are, without expressly saying so, adopting a new rule with regard to this kind of actions.